**UNITED STATES DISRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY NORMAN, Derivatively on Behalf of SAVARA INC.,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW PAULS, DAVID LOWRANCE, NEVAN ELAM, RICHARD J. HAWKINS, AN VAN ES-JOHANSSON, JOSEPH S. MCCRACKEN, and DAVID A. RAMSAY,<br><br>Defendants,<br><br>-and-<br><br>SAVARA INC.,<br><br>Nominal Defendant. | Case No. 2:25-cv-06836-KSM |

**STIPULATION AND ORDER REGARDING TEMPORARY STAY OF PROCEEDINGS PENDING RESOLUTION OF MOTION TO DISMISS IN RELATED SECURITIES CLASS ACTION**

Plaintiff Gary Norman ("Plaintiff") and Defendants Matthew Pauls, David Lowrance, Nevan Elam, Richard J. Hawkins, An van Es-Johansson, Joseph S. McCracken, and David A. Ramsay (together, "Individual Defendants"), and Nominal Defendant Savara Inc. ("Savara" and, with Individual Defendants, "Defendants"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on December 4, 2025, Plaintiff filed a Verified Shareholder Derivative Complaint against the Individual Defendants on behalf of Savara in the above-captioned case;

WHEREAS, a related putative securities class action is currently pending in this Court, captioned *Ho et al. v. Savara Inc., et al.*, No. 2:25-cv-05147-KSM (the "Securities Class Action");

WHEREAS, the above-captioned derivative litigation (the "Action") and the Securities Class Action involve some of the same defendants and many of the same underlying allegations;

WHEREAS, on December 12, 2025, the parties in the Securities Class Action filed a stipulation and proposed order regarding a schedule for filing of an amended complaint and an anticipated motion to dismiss. *See Ho v. Savara, Inc., et al,*, No. 2:25-cv-05147-KSM (E.D. Pa.) (ECF No. 15);

WHEREAS, the Parties have met and conferred and agree that staying the Action pending the resolution of the anticipated motion to dismiss in the Securities Class Action would conserve both Court and Party resources (*see, e.g.*, *Menke v. FMC Corp., et al.*, Case No. 2:25-cv-0404-KNS (E.D. Pa. Feb. 24, 2025) (ECF No. 11) (ordering a stay of a derivative action pending resolution of a motion to dismiss in related securities class action upon stipulation by the parties)); and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and respectfully requested, by and among the undersigned counsel for the respective parties, subject to approval of the Court, that:

1. This Action is stayed without waiver of any claims, defenses, or objections, including any objection to forum or venue.

2. The Action will remain stayed until the earliest of the following:

   a. All Defendants file an answer to the Securities Class Action complaint, and the PSLRA stay dissolves as a matter of law;

   b. The Securities Class Action is dismissed, with prejudice, by this Court, and all appeals related thereto have been exhausted;

   c. All motions to dismiss in the Securities Class Action are denied, and the PSLRA stay dissolves as a matter of law; or

   d. Upon 21 days' notice by e-mail in the event any shareholder derivative action that involves similar or related claims to the Action is not stayed.

3. To the extent they have not already been served, Defendants hereby accept service of the complaint in the Action.

4. While the Action is stayed, Defendants shall promptly notify Plaintiff of any related derivative actions concerning the same subject matter as the Action of which Defendants become aware.

5. This Order will apply to any shareholder derivative actions later instituted in or transferred to this Court that involve similar or related claims, or that are otherwise deemed related to this action. Defendants expressly reserve all defenses and objections to any such actions later instituted, including all objections related to forum or venue.

6. If a related derivative action is filed in this district or any other and that action is not stayed for a period of equal or greater duration as the Action, Defendants shall promptly notify Plaintiff thereof.

7. Plaintiff reserves all claims and Defendants reserve all defenses, including those based on the mandatory venue provision in Article X of the Amended and Restated Bylaws of Savara. The parties waive any argument and agree that they shall not assert that the passage of time during the pendency of this stay in any way prejudices any claims or defenses, including those based on the mandatory venue provision.

8. During the pendency of this stay and for one year thereafter, Defendants shall include Plaintiff in any mediation and any formal settlement talks between the parties in the Securities Class Action, and shall include Plaintiff in any mediation and any formal settlement talks in any related derivative lawsuit or any related books and records demand proceeding.

9. During the pendency of this stay, should Savara produce documents in connection with a books and records demand under 8 Del. C. § 220 or another filed or threatened stockholder

derivative action concerning the same subject matter as the Action, Savara shall make those documents promptly available to Plaintiff, subject to the execution of a reasonable and mutually-agreed confidentiality agreement or protective order.

10. While the Action is stayed, Plaintiff may amend any complaint, but Defendants shall not be required to respond to any complaint until after the stay is terminated.

11. This action shall be stayed, and no Case Management Order issued, upon the Court's entry of this Order.

12. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this Action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

13. The parties shall notify the Court within 15 days after the occurrence of any of the events in Paragraph 2 and shall propose a scheduling order shortly thereafter.

Dated: December 23, 2025

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

*/s/ Elizabeth Donohoe*
Elizabeth Donohoe
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Tel: (516) 922-5427
Fax: (516) 344-6204
edonohoe@thebrownlawfirm.net
tbrown@thebrownlawfirm.net

*Counsel for Plaintiff*

**KING & SPALDING LLP**

*/s/ Drew T. Bell*
Drew T. Bell
PA Bar No. 309264
Paul R. Bessette
(*pro hac vice* application forthcoming)
Michael J. Biles
(*pro hac vice* application forthcoming)
500 West 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2000
Fax: (512) 457-2100

dbell@kslaw.com
pbessette@kslaw.com
mbiles@kslaw.com

*Counsel for Defendants*

**IT IS SO ORDERED** this 5th day of January 2026.

/s/ Karen Spencer Marston
KAREN SPENCER MARSTON, J.

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Drew T. Bell*
Drew T. Bell